T.C. Memo. 1997-215


UNITED STATES TAX COURT


JOE NATHAN BRYANT, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12420-95.                    Filed May 7, 1997.


Joe Nathan Bryant, Jr., pro se.

<u>Horace Crump</u>, for respondent.


MEMORANDUM OPINION

KÖRNER, <u>Judge</u>:  Respondent determined deficiencies in and penalties on petitioner's Federal income taxes for the years and in the amounts as follows:

|       |            | Penalty      |
|-------|------------|--------------|
| Year  | Deficiency | Sec. 6662(a) |
| 1992  | $8,376     | $1,675       |
| 1993  | 8,137      | 1,627        |

All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

At the time the petition herein was filed, petitioner was a resident of Birmingham, Alabama. He filed his income tax returns for the years 1992 and 1993 on the basis of married filing separately. In the years in issue, petitioner was employed as a policeman for the Fairfield Police Department. He also provided private security service and was a member of the Coast Guard Reserve during these years.

At trial herein, petitioner appeared on behalf of himself. Although he testified, he produced no other witnesses, and no documentary evidence of any sort was offered in support of his position. He admitted at trial that he failed to substantiate any of the business expenses claimed on Schedule C of his 1992 and 1993 tax returns, and he also admitted that he did not substantiate any of the claimed deductions on Schedule A of his 1992 and 1993 tax returns.

The adjustments made by respondent to petitioner's taxable returns were as follows:

1.    Respondent determined that petitioner had received State income tax refunds in the amounts of $424 and $464 in 1992 and 1993, which petitioner failed to report.

2.    Respondent disallowed $16,449 and $16,439, respectively, for the years 1992 and 1993 on account of Schedule C business-related deductions by petitioner.

3.    With respect to petitioner's itemized deductions under Schedule A on the returns in issue, respondent disallowed $28,985 for 1992 and $28,526 for 1993 on account of deductions other than State income taxes paid by petitioner in those years, which respondent allowed.

Where the Commissioner has made a determination of deficiency in income tax against a taxpayer, such as here, regarding his income for a given year, the burden of proof on each issue determined by the Commissioner is on the taxpayer. The Commissioner's determination of the deficiencies is presumably correct.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Furthermore, deductions from income are strictly a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to all deductions claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).

So far as respondent's determination of deficiencies is concerned, based upon income and deductions as reported and/or

claimed by petitioner, there is nothing in this record except petitioner's naked testimony to dispute respondent's determinations. Petitioner's testimony, standing alone, is not to be taken as gospel, and it does not carry petitioner's burden of proof. Halle v. Commissioner, 7 T.C. 245 (1946), affd. 175 F.2d 500 (2d Cir. 1949). Therefore, so far as respondent's determinations are based upon income and deductions as reported by petitioner, we must sustain respondent.

There remain, however, several discrepancies between respondent's determinations herein and the record regarding petitioner's reported deductions. Specifically:

1. For the year 1992, respondent's notice of deficiency purported to disallow $16,449 of business-related deductions under Schedule C, whereas petitioner actually reported $8,011 of such deductions. Respondent's explanation for this discrepancy is that this was an "error" that respondent had corrected; how or at what time this correction was made we do not know, but it apparently is not in accordance with the income and deductions as reported by petitioner, and we do not see what statutory basis respondent has for making a determination of deficiency based on a "correction". Sec. 6212. Likewise for the year 1993, respondent disallowed $16,439 of petitioner's business expenses under Schedule C, whereas the record herein shows that petitioner actually claimed only $16,119. We will take the figures as

reported by petitioner's returns, which are stipulated in evidence herein.

2.  With respect to the itemized deductions (Schedule A) on petitioner's return for the year 1992, respondent disallowed the amount of $28,985 as deductions; petitioner, however, claimed only $29,495 in itemized deductions on that return, of which respondent has conceded $1,306.  We know of no basis for respondent's determination of a disallowed deduction in excess of petitioner's claim, after allowing for respondent's concession.

3.  With respect to the year 1993, respondent disallowed $28,526 of itemized deductions; petitioner had claimed $29,870, and after respondent's concession of $1,344, the net disallowance by respondent of $28,526 appears correct in accordance with the present record.

The above discrepancies with respect to the disallowances by respondent as compared to the deductions as claimed by petitioner in the 2 years in question will have to be reconciled in the necessary computation herein under Rule 155.

With regard to the penalties in tax for the years 1992 and 1993, determined herein by respondent, section 6662(a) imposes a penalty in the amount of 20 percent of the portion of the underpayment attributable to negligence.  Petitioner is liable for an accuracy-related penalty for negligence in the preparation and filing of his 1992 and 1993 tax returns.  Petitioner failed to substantiate any of the deductions taken on the 1992 and 1993

tax returns except for the State income taxes previously mentioned herein.  Therefore, he is liable for the accuracy-related penalty pursuant to section 6662(c), which defines negligence as the failure to make a reasonable attempt to comply with the tax law.  <u>Hamdi v. Commissioner</u>, T.C. Memo. 1993-38, affd. without published opinion 23 F.3d 407 (6th Cir. 1994); <u>Dillon v. Commissioner</u>, T.C. Memo. 1993-11.

<u>Decision will be entered under Rule 155</u>.